UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JESSICA HERNANDEZ-BORIS,<br>    *Plaintiff*,<br><br>v.<br><br>WARDEN FLOWERS,<br>    *Defendant.* | )  3:25-CV-01981 (SVN)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  February 27, 2026 |

### ORDER DENYING PETITION FOR HABEAS RELIEF UNDER 28 U.S.C. § 2241

Petitioner Jessica Hernandez-Boria is a sentenced federal inmate in the custody of the Bureau of Prisons ("BOP") housed at the Federal Correctional Institution in Danbury, Connecticut. Pet., ECF No. 1. Petitioner filed a petition under 28 U.S.C. § 2241, challenging the BOP's failure to apply time credits to her sentence under the First Step Act ("FSA"). *Id.*

In response to the Court's Order to Show Cause, Respondent Flowers, the Warden of the federal prison where Petitioner is housed, maintains that Petitioner is not eligible to earn FSA time credits.[1] Resp't. Mem., ECF No. 10. To date, Petitioner has not filed any opposition or response to Respondent's memorandum.

For the following reasons, the court DENIES Petitioner's request for relief under 28 U.S.C. § 2241.

---

[1] Petitioner also names two other Respondents: Timothy Barnett, "National Appeals Administrator," and Amy Bencher, the BOP Regional Director. However, Warden Flowers is the only proper respondent in this habeas petition. *See Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."); *Ozturk v. Hyde*, 136 F.4th 382, 390 (2d Cir. 2025) ("We begin with two traditional requirements for a federal court to entertain a habeas petition: that the petition be filed in the district of confinement and that it name the petitioner's immediate custodian").

I.  **BACKGROUND**

   A.  FSA

On December 21, 2018, Congress enacted the First Step Act ("FSA"), which was intended to encourage federal inmates to participate in evidence-based recidivism reduction programs ("EBRRs") and other productive activities ("PAs"). *See* 18 U.S.C. §§ 3632(d)(4)(C), 3624(g)(1)(A). Inmates earn time credits upon successful participation in these activities, and the time credits qualify the inmates for early release from custody. *See id.*

Inmates who were convicted of certain crimes are ineligible for FSA time credits. *See* 18 U.S.C. § 3632(d)(4)(D); *see also* 28 C.F.R. 523.41(d)(2) ("If the inmate is serving a term of imprisonment for an offense specified in 18 U.S.C. § 3632(d)(4)(D), the inmate is not eligible to earn FSA Time Credits."). Specifically, § 3632(d)(4)(D) states: "A prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence for a conviction under … (xxii) Section 924(c), relating to unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime."

   B.  Factual Background[2]

On December 11, 2020, judgment entered in the United States District Court for the Middle District of Pennsylvania in Petitioner's underlying criminal case, after her guilty plea to one count of conspiracy to distribute and possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846, and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). *See* J., *United States v. Hernandez-Boria*, 3:19-CR-162 (M.D. Pa.), ECF No. 62. The district court sentenced Petitioner to 42 months of

---

[2] For this factual background, the court relies on exhibits attached to Respondents' memorandum and matters of public record. *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012) (a court may "take judicial notice of relevant matters of public record.").

2

imprisonment on the narcotics count, and to a 60-month consecutive term of imprisonment on the firearms count. *See id.*

Under 18 U.S.C. § 3584(c), which provides that "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment," the BOP aggregated Petitioner's two terms of imprisonment into a 102-month term of imprisonment. Sentence Monitoring Computation Data Sheet, Resp't Ex. A at 2, ECF No. 10-1.

On December 1, 2025, Petitioner filed the instant petition for writ of habeas corpus under 28 U.S.C. § 2241. Petitioner asserts (1) her conviction for violation of 18 U.S.C. § 924(c) for possession of a firearm in furtherance of a drug trafficking crime does not constitute an ineligible offense under the FSA; and (2) she should receive FSA credit for the portion of that aggregated sentence imposed for the violation not listed in 18 U.S.C. § 3632(d)(4)(D). ECF No. 1 at 6–8.

## II. DISCUSSION

Under 28 U.S.C. § 2241, a federal prisoner "in custody in violation of the Constitution or laws or treaties of the United States" may seek habeas review in federal court. 28 U.S.C. § 2241(c)(3). "A writ of habeas corpus under § 2241 is available to a federal prisoner who does not challenge the legality of [her] sentence, but challenges instead its execution subsequent to [her] conviction." *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001). Thus, a § 2241 petition may be used to challenge "such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001); *see, e.g., Wilson v. Flowers*, No. 3:25-CV-01357 (VDO), 2025 WL 3719411, at *1 (D. Conn. Dec. 23, 2025)

(noting petitioner's challenge to BOP's refusal to apply his FSA time credits was properly brought in petition under 28 U.S.C. § 2241).

Petitioner "bears the burden of proving that [s]he is being held contrary to law; and because the habeas proceeding is civil in nature, [P]etitioner must satisfy h[er] burden of proof by a preponderance of the evidence." *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011).

A. Petitioner's FSA Ineligible Offense

First, Petitioner is ineligible for FSA time credits because she was convicted of a disqualifying offense: unlawful possession or use of a firearm during and in relation to a crime of violence or a drug trafficking crime. *See* 18 U.S.C. § 3632(d)(4)(D)(xxii).

Petitioner's argument that she "was not charged with an enhancement under a crime of violence" and that "the BOP is mis-classifying [her section] 924 case as violent," ECF No. 1 at 6, is unavailing. The text of 18 U.S.C. § 3632(d)(4)(D)(xxii) explicitly disqualifies a prisoner from receiving FSA credits for a conviction under 18 U.S.C. § 924(c) in connection with a crime of violence *or* a "drug trafficking crime." Regardless of whether Petitioner's offense under § 924(c) constitutes a "crime of violence," the FSA still bars her eligibility to earn FSA time credits because she was convicted of possession of a firearm in furtherance of a drug trafficking crime. *See Pacheco Mejia v. Warden Loretto FCI*, No. 25-2205, 2025 WL 3124474, at *1 (3d Cir. Nov. 7, 2025) (*per curiam*) ("Congress explicitly identified Section 924(c) offenders like [Petitioner] as ineligible for First Step Act time-credit purposes."); *Smith v. United States*, No. 3:25-CV-289, 2025 WL 2736916, at *1 (M.D. Pa. Sept. 25, 2025) ("it is immaterial whether his conviction qualifies as a crime of violence: he is barred from receiving FSA credits because he was convicted of possession of a firearm in furtherance of a drug trafficking crime").

B.  Petitioner's Ineligibility for FSA Credit Under Aggregated Sentence

Nor is Petitioner entitled to FSA credit to the extent she is serving the portion of her aggregated sentence for her violation of 21 U.S.C. § 846, which is not an offense categorically listed in 18 U.S.C. § 3632(d)(4)(D).  This argument is clearly foreclosed by a recent Second Circuit decision, *Giovinco v. Pullen*, 118 F.4th 527 (2d Cir. 2024), *cert. denied sub nom. Giovinco v. Flowers*, 145 S. Ct. 1947 (2025).

In *Giovinco*, the Second Circuit ruled "Congress has directed that—for the purpose of administering a judicially imposed sentence—the BOP must aggregate multiple terms of imprisonment. That 'administrative purpose' includes the implementation of the FSA time credit program that may reduce the sentence. " *Id.* at 533.  As the Second Circuit observed, "[c]ourts have recognized that the 'administrative purposes' referenced in § 3584(c) include the BOP's administration of other types of sentencing credits, such as time-served credits (§ 3585), good-time credits (§ 3624), and residential drug-abuse program credits (§ 3621). *Id.* at 531 (citing cases). Thus, "[i]n the context of the aggregation provision and precedent holding that the aggregation provision applies to other sentencing credit programs, the phrase 'is serving a sentence for' [in § 3632(d)(4)(D)] is best understood as referring to the prisoner's aggregate term of imprisonment." *Id.* at 531–32.  Accordingly, the Second Circuit concluded that the BOP's "implementation of § 3632(d)(4)(D) is an 'administrative purpose' for which multiple terms of imprisonment are to be treated as a single, aggregate term" and "the aggregation provision applies to the BOP's administration of the FSA time credit program." *Id.* at 531.

Under *Giovinco*, Respondent "must aggregate" Petitioner's sentence in accordance with § 3584(c) to determine whether Petitioner is eligible for FSA time credits under § 3632(d)(4). *Id.* at 529.  Therefore, Petitioner remains ineligible for FSA credit because she is serving an aggregated

5

sentence that includes a sentence for an offense enumerated in § 3632(d)(4)(D). *See id.* at 529; *see also United States v. Monsalvatge*, No. 12-CR-586-02 (OEM), 2025 WL 307137, at *9 (E.D.N.Y. Jan. 27, 2025) (*"*Applying the holding from *Giovinco*, the Court also finds that the BOP is charged with administrating time credit programs under § 3632(d)(4) and as such multiple terms of imprisonment are to be treated as a single, aggregate term. Monsalvatge is therefore not eligible to a sentence reduction on the basis for earned time credits for an eligible offense while serving a sentence for an illegible offense.").

As Petitioner is not eligible for FSA credit, the Court cannot afford her relief under 28 U.S.C. § 2241. The Court must deny her Petition.

### III.  CONCLUSION

For the foregoing reasons, the Petition, ECF No. 1, is **DENIED**.  The Clerk is instructed to close this case. Any appeal from this order would not be taken in good faith.

**SO ORDERED** at Hartford, Connecticut, this 27th day of February, 2026.

 */s/ Sarala V. Nagala*
SARALA V. NAGALA
UNITED STATES DISTRICT JUDGE